## SUTTON v. NEW YORK, L. E. & W. R. CO.

(Supreme Court, General Term, Second Department. · December 12, 1892.)

INJURY TO EMPLOYE—NEGLIGENCE OF FELLOW SERVANT—KNOWLEDGE OF MASTER.

Plaintiff, while repairing one of defendant's cars, was injured by the car being run into by defendant's train. The train was in charge of the conductor, who had told plaintiff to get under the car and repair it, and he would let him know when he was going to start out, which he failed to do. When the conductor put the engine on the train he removed the blue flag, which was the signal to protect plaintiff while at work. On other occasions he had disregarded the blue flag. There was proof that the conductor had been either extremely negligent or incompetent, of which the general superintendent at the yard had notice. The brake in the car next to plaintiff would not work, and with a good brake the car could be stopped in about eight feet, which might have saved plaintiff, and this broken brake had been in plain sight in the yard for two or three days. *Held*, that plaintiff could recover.

Appeal from circuit court, Orange county.

Action by William Sutton against the New York, Lake Erie & Western Railroad Company to recover damages for injuries sustained while repairing a car in defendant's yard. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Lewis E. Carr, for appellant.
John M. Gardner, for respondent.

BARNARD, P. J. The plaintiff was a repairer of cars in the defendant's employment, at Newburgh, while the cars were in the yard. In November, 1890, there was a train of cars upon the side track in the yard, and one of them needed repairs. Sutton went under the car while it was upon the track to make the repairs. After he had been at work for some time, one Ryan, the conductor in charge of a crew of men in the yard, told plaintiff to get out from under the car until he coupled the engine to the train. He did so. Ryan then told plaintiff that he would have to stop some time until a passenger train came out ahead, and that he must go back and fix the car, and that he (Ryan) would let him (Sutton) know when he "would be going to start out." The car under which the plaintiff was working was standing alone, and separated a few feet from the rest of the train. Ryan started up his train. Some cars became detached at the rear end of the train, and, in backing the head of the train to attach it to the rear end so broken off, the cars were

shoved violently against the plaintiff's car, and he was very seriously injured. Before the engine was put on the train there was a blue flag at the head of the train, which was the proper signal to protect the plaintiff while at work. Ryan took this down when he put on the engine, and did not put it up again. There was proof given tending to show that Ryan had been either extremely negligent or incompetent in the performance of his duties., On two or three previous occasions he had disregarded the blue flag which insured workmen against danger, and the general superintendent at the yard had notice of these instances of incompetency. The superintendent promised to discharge Ryan, and that the plaintiff must return to his work. There was proof that the general superintendent was afraid to send men to work, because Ryan was going into the flags and running the men down. There was proven that a brake in the car next to the plaintiff would not work; that with a good brake the car could be stopped in about eight feet, which might have saved plaintiff, and this broken brake had been in plain sight in the yard for two or three days before. The master was bound to furnish competent coemployes, and to furnish good appliances for the employment. This case proven is supported in respect to the incompetency of the defendant's employe Ryan by the cases of Baulec v. Railroad Co., 59 N. Y. 356; Coppins v. Railroad Co., 122 N. Y. 557, 25 N. E. Rep. 915. If the accident was caused by a defective brake, the cases are numerous that the master is liable therefor. The question of the negligence of the plaintiff was a proper one for the jury. Kain v. Smith, 89 N. Y. 385. The case upon the verdict of the jury in favor of the plaintiff upon the disputed facts established an acknowledged exception to the rule that an employe cannot maintain an action for the negligence of a coemploye against the common trustee. The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., (concurring.) This is an appeal from a judgment entered upon a verdict of a jury, and from an order denying a motion made upon the minutes for a new trial. The vital question now is whether the evidence warranted the submission to the jury of the question whether the defendant was guilty of negligence in employing a negligent and incompetent servant, whereby the plaintiff was injured. We think it was proper to submit that question to the jury, and that their verdict settles the question. There was no dispute in the case as to how the accident happened, and the jury has found that it was through the negligence of one Ryan, a fellow servant with the plaintiff. There was evidence tending to show that, on several occasions prior to the accident, Ryan, who was yard master, had been guilty of gross negligence in moving the cars in the yard while persons were at work on or under them in like manner as the plaintiff was employed upon this occasion. This evidence presented a fair question to the jury whether the said Ryan was a competent and proper person to be intrusted with the important duties imposed upon him. The several occasions to which this evidence referred covered a period of some months, and the circumstances were such that the defendant must be

held to have had notice of Ryan's incompetence or carelessness. There was some proof that Galligher, who stood in the place of the defendant as to work done in the yard, had actual notice of Ryan's improper conduct, and promised to discharge Ryan. The defendant claims that it had a reasonable time to investigate the report, but the best he could do was to suspend Ryan while investigating. The plaintiff was told to remain, and did so, under Galligher's promise to discharge Ryan. Such conduct on the part of plaintiff could not be held to be contributory negligence on his part. Kain v. Smith, 89 N. Y. 385. It was the most natural thing in the world to go to work upon that car again after Ryan told him to do so, and he would notify him if he had occasion to back down any more cars. Plaintiff had a right to rely upon that promise, and the same was entirely independent of the cause of the accident. There was also some evidence of a broken brake upon one of the cars on which plaintiff was at work, but this seems to have been withdrawn from the jury by the charge. The exception to the admission of evidence tending to show that Ryan had before the accident been guilty of certain specific acts of negligence, similar to the one that caused the injury, was not well taken. It was legitimate evidence to show Ryan's incompetency and knowledge of it by defendant. We find no error in the trial sufficient to warrant a reversal of the judgment. Judgment affirmed, with costs.